**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARY A. FREEMAN,
      Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
AT-0831-17-0566-I-1

DATE: April 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kenneth S. Ratley, Esquire, Augusta, Georgia, for the appellant.

Karla W. Yeakle, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision finding that the appellant was ineligible for a deferred retirement annuity under the Civil Service Retirement System (CSRS). For the reasons discussed below, we GRANT OPM's petition for review, REVERSE the initial decision, and AFFIRM OPM's reconsideration decision.

**BACKGROUND**

¶2      The appellant separated from Federal service with the Department of Veterans Affairs (DVA) effective January 31, 1990. Initial Appeal File (IAF), Tab 6 at 30-31. In 1994, she requested and received a refund of her CSRS retirement contributions. *Id.* at 24-27, 31. In June 2016, the appellant reached age 62 and applied for a deferred CSRS retirement annuity.[3] *Id.* at 11-16. On July 7, 2016, OPM issued a decision finding that the appellant was ineligible for an annuity based on her withdrawal of her CSRS retirement contributions in 1994. *Id.* at 10. The appellant requested reconsideration of this decision, *id.* at 9, and OPM issued a reconsideration decision on May 10, 2017, which affirmed its initial decision, *id.* at 6-8.

¶3      The appellant filed an appeal of OPM's final decision with the Board. IAF, Tab 1. She initially requested a hearing, *id.* at 4, but subsequently withdrew her request, IAF, Tab 12 at 1; Tab 15, Initial Decision (ID) at 1. The appellant asserted that the refund application form did not state that receiving the refund would void her annuity rights unless she became reemployed and redeposited the refund. IAF, Tab 14 at 13 (affidavit of the appellant). The appellant further

---

[3]  Although the appellant mistakenly submitted the application form for a deferred retirement under the Federal Employees Retirement System, IAF, Tab 6 at 11, OPM processed the form as an application for a deferred retirement under CSRS. *Id.* at 6, 10.

contended that, before she submitted the application, "federal agencies"[4] told her that she could repay the refund with interest if she subsequently decided that she wanted to receive an annuity; however, she was not informed that she must be reemployed to do so.[5] *Id.* The appellant claimed that, had she been informed of the consequences of obtaining a refund of her retirement contributions, she would not have requested one. *Id.* at 13-14.

¶4      Based on the written record, the administrative judge issued an initial decision reversing OPM's reconsideration decision. ID at 1, 7. The administrative judge found that the appellant should be permitted to revoke her election to withdraw her retirement contributions and redeposit the amount withdrawn with interest because the election was based upon inadequate and misleading information that would cause a reasonable person in the appellant's situation to be confused. ID at 5-6. Accordingly, the administrative judge ordered OPM to allow the appellant to revoke her election to withdraw her retirement contributions and repay the amount she withdrew with appropriate interest. ID at 7.

¶5      OPM has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has filed a response to the petition for review. PFR File, Tab 3.

---

[4] The appellant does not identify these agencies by name but appears to be referring to OPM and DVA. IAF, Tab 14 at 3.

[5] On her Board appeal form and in her request for reconsideration of OPM's initial decision, the appellant provides a somewhat different account of the information she received regarding her eligibility for a deferred retirement annuity. IAF, Tab 1 at 5, 7; Tab 6 at 9. In those submissions, she states that she was told that she would be entitled to a deferred retirement annuity at age 62 without redepositing the refund. *Id.*

## ANALYSIS

<u>The appellant is not eligible to redeposit her retirement contributions or to receive deferred annuity benefits.</u>

¶6      An individual seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence. *Jordan v. Office of Personnel Management*, 100 M.S.P.R. 623, ¶ 7 (2005). It is well settled that the Government cannot pay benefits to an employee that are not otherwise permitted by law. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (holding that the Government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a Government official); *Danganan v. Office of Personnel Management*, 55 M.S.P.R. 265, 269 (1992) (holding that, although there was no evidence that the appellant was aware that he would forfeit any retirement benefits if he withdrew his retirement contributions, OPM could not be required to pay the annuity because he did not meet the statutory requirements), *aff'd*, 19 F.3d 40 (Fed. Cir. 1994) (Table).

¶7      The administrative judge reversed OPM's reconsideration decision based on his finding that the appellant satisfied the following standard for determining whether an election of retirement options is voidable due to incorrect information: whether a reasonable person would have been confused under the particular circumstances. ID at 5. For the reasons discussed below, assuming arguendo that this standard was met here, we nonetheless find that the administrative judge erred in reversing OPM's reconsideration decision and ordering OPM to allow the appellant to revoke her election to withdraw her retirement contributions and to redeposit her withdrawn funds with interest. ID at 7.

¶8      In ordering this remedy, the administrative judge relied on cases in which the Board found that the appellant was entitled to void his election of a retirement option because he made the election in reliance on erroneous information provided by Government employees. ID at 5 (citing *Froom v. Office of Personnel*

*Management*, 107 M.S.P.R. 607 (2008) and *Cortinas v. Office of Personnel Management*, 32 M.S.P.R. 513 (1987)). Significantly, however, in those cases, the relevant statutory provisions did not prevent the remedial action ordered by the Board. In *Froom*, the Board reversed an initial decision and determined that the appellant was entitled to void his election to make a military service retirement credit deposit, and to a refund of that deposit, when he reasonably relied on erroneous information provided to him by OPM and the Social Security Administration (SSA) in making a deposit to ensure that he would retain CSRS service credit for his post-1956 active duty military service. The Board noted that, contrary to what OPM and the SSA advised the appellant, he was entitled to CSRS credit for his military service without having to make a deposit as a matter of law, as long as he did not qualify for old-age Social Security benefits when he became 62 years of age, which under the facts presented, he did not. The Board agreed with the appellant that a reasonable person would have been confused by the erroneous material information OPM and the SSA furnished him, and so the Board ordered OPM to refund the appellant's deposit that he made to retain CSRS service for his military service.

¶9    Likewise, in *Cortinas*, the appellant was receiving military retirement pay when he retired on disability. *Cortinas*, 32 M.S.P.R. at 514. The appellant elected to receive a monthly annuity rather than a lump-sum distribution because his employing agency informed him that his monthly annuity would be based on his military and civilian service. *Id.* at 515-16. In fact, however, 5 U.S.C. § 8339(g), with certain exceptions, excludes credit for military service. *Id.* at 514. Consequently, OPM computed the appellant's annuity based on his length of civil service and average salary, excluding credit for military service. *Id.* As a result, the amount of his monthly annuity was more than $300 less than the estimate provided by his employing agency. *Id.* at 516.

¶10    On appeal in *Cortinas*, the appellant acknowledged that OPM's annuity calculations were correct, but contended that its decision should be reversed and

that he should be provided with an opportunity to make an informed decision regarding available retirement options because his election of retirement options was based on the incorrect information provided by his employing agency. *Id.* at 515. The administrative judge rejected the appellant's argument and affirmed OPM's decision, finding that, even if the appellant was misled or given erroneous information, an agency cannot be estopped from enforcing the requirements of a statute. *Id.* at 514-15.

¶11     The Board reversed the initial decision and ordered OPM to inform the appellant of his retirement options and allow him to apply for a change in his annuity. *Cortinas*, 32 M.S.P.R. at 516-17. The Board found the estoppel issue relied on by the administrative judge was inapplicable because providing the appellant equitable relief would not require a waiver or nullification of statutory provisions. *Id.* at 516.

¶12     Here, however, the relief ordered by the administrative judge would require a waiver or nullification of statutory provisions. With exceptions not applicable in this appeal,[6] the receipt of a refund of CSRS retirement contributions voids all annuity rights based on the service for which the refund is made until the recipient is reemployed by the Federal Government in a covered position and redeposits the funds previously withdrawn. 5 U.S.C. §§ 8334(d), 8342(a);

---

[6] There are two statutory exceptions to the general rule that receipt of retirement contributions voids an interest in the CSRS until reemployment in the Federal service. ID at 3-4. The first, 5 U.S.C. § 8343a, provides for alternative forms of annuities to employees with life-threatening afflictions or other critical medical conditions at the time of retirement. The second, 5 U.S.C. § 8334(d)(2), addresses annuity-eligible employees who do not make the deposit required to receive service credit. The circumstances alleged by the appellant do not fall within the purview of either of these statutory provisions.

An individual also may avoid the rule that receipt of a refund of retirement contributions voids annuity rights if she was mentally incompetent when she applied for the refund. *See Yarbrough v. Office of Personnel Management*, 770 F.2d 1056, 1060 (Fed. Cir. 1985). Here, the appellant has not alleged that she was mentally incompetent when she signed the refund application.

*Youngblood v. Office of Personnel Management*, 108 M.S.P.R. 278, ¶ 12 (2008). Thus, an annuitant must be in a current covered Federal position to make a redeposit of refunded CSRS credit. 5 U.S.C. § 8334(d).

¶13        In this case, because the appellant requested and received a refund of her CSRS retirement contributions, and she is not a current Federal employee making retirement contributions, she is not entitled to redeposit her withdrawn contributions or to receive an annuity. *See Mahan v. Office of Personnel Management*, 47 M.S.P.R. 639, 641-42 (1991) (holding that, because the appellant requested and received a refund of her contributions to the civil service retirement fund, and she has not been reemployed in a covered position in the Federal service, any right she had to an annuity was extinguished). In other words, 5 U.S.C. § 8334(d) precludes the remedy ordered by the administrative judge. Accordingly, we reverse the initial decision and sustain OPM's reconsideration decision denying the appellant's request for a deferred retirement annuity.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.